**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 25–cv–01572–RMR–MDB
Civil Action No. 25–cv–01668–RMR–MDB
Civil Action No. 25–cv–02177–RMR–MDB

DEFENDING EDUCATION;
COLORADO PARENT ADVOCACY NETWORK;
PROTECT KIDS COLORADO;
DO NO HARM;
TRAVIS MORRELL;
VALERI LESWING;
MOUNTAIN PEDIATRICS,
COMMITTEE OF FIVE, INC., and
DOXA ENTERPRISES, LTD,

Plaintiffs,

v.

AUBREY C. SULLIVAN, Director of the Colorado Civil Rights Division, in her official capacity,
SERGIO RAUDEL CORDOVA,
GETA ASFAW,
MAYUKO FIEWEGER,
DANIEL S. WARD,
JADE ROSE KELLY,
ERIC ARTIS, as members of the Colorado Civil Rights Commission, in their official capacities, and
PHIL WEISER, Colorado Attorney General, in his official capacity,

Defendants.

---

**ORDER**

---

This matter is before the Court on the parties' Joint Motion to Stay Pending the Later of Either (1) The Tenth Circuit's Ruling on Plaintiffs' Appeals of Order Denying

Preliminary Injunction; or (2) a Final Determination of Defendants' Forthcoming Motion to Certify.[1] For the reasons stated below, the Joint Motion to Stay is GRANTED.

The parties request the Court stay all deadlines, including the deadline for Defendants' responsive pleadings, pending the later of either (1) the Tenth Circuit ruling on Plaintiffs' appeal of this Court's denial of their motions for preliminary injunctions; or (2) a final determination of Division and Commission Defendants' forthcoming motion to certify issue to the Colorado Supreme Court. *Defending Education*, ECF No. 141 at 2. The parties argue that "the Tenth Circuit's decision on the preliminary injunction appeals may provide guidance on the issues in this action, allowing the parties to more efficiently litigate these actions going forward."

The general rule is "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In other words, the filing of a notice of appeal divests jurisdiction of the issues subject to the appeal to the appellate court. The district court may proceed to determine actions on the merits outside of those divested issues. However, there may be circumstances that "justif[y] trial-court consideration of issues that may be open in the court of appeals . . . . This power is desirable both in the interest of expeditious disposition and in the face of uncertainty as to the extent to which the court

[1] The parties filed identical motions in the following cases: *Defending Education*, 25-cv-1572, ECF No. 141; *Committee of Five*, 25-cv-1688, ECF No. 129; *Doxa*, 25-cv-2177, ECF No. 88. For consistency and ease, the Court will cite to *Defending Education*, 25-cv-1572, ECF No. 141 throughout this order.

of appeals will exercise its power." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 790 (10th Cir. 2013).

The Tenth Circuit has set oral argument on the appealed issues for November 16, 2026 at 9:00 a.m. App. Case No. 26-1101, ECF No. 104. Thus, the Court agrees that a stay is appropriate and will promote judicial economy pending the Tenth Circuit's decision on Plaintiffs' pending appeals. Additionally, Defendants believe the Court's decision regarding its Motion for Order to Certify a Question of Law[2] will further provide guidance in this action. *Defending Education*, ECF No. 141 at 2-3. Thus, Defendants argue a stay pending the Court's decision is warranted. The Court agrees that both pending issues justify a stay of deadlines in this case, and the Joint Motion to Stay is GRANTED following the Court's decision on Defendants' Motion for Order to Certify a Question of Law.

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that the Parties' Joint Motion to Stay (*Defending Education*, 25-cv-1572, ECF No. 141; *Committee of Five*, 25-cv-1688, ECF No. 129; *Doxa*, 25-cv-2177, ECF No. 88) is GRANTED, following the Court's decision on Defendants' Motion for Order to Certify a Question of Law. Pursuant to D.C.COLO.LCivR 7.1(d), the deadline for Plaintiffs' response Defendants' Motion for Order to Certify a Question of Law is October 30, 2026.

---

[2] *Defending Education*, 25-cv-1572, ECF No. 142; *Committee of Five*, 25-cv-1688, ECF No. 130; *Doxa*, 25-cv-2177, ECF No. 89.

DATED: October 21, 2026

BY THE COURT:

______________________________
REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court